UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No. 2:21-cv-00428 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the release date for the sentence imposed by the Montgomery County Superior Court. (ECF No. 1.) Also before the court is petitioner's motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, this court will recommend the petition be dismissed and petitioner's motion to proceed in forma pauperis denied as moot.

////

////

////

////

////

////

1

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. See 28 U.S.C. § 1915(a). However, because the court will recommend that the petition be summarily dismissed, this motion will be denied as moot.

**SCREENING**

**I.    Legal Standards – Screening**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

## II. The Petition

Upon reviewing the petition, it appears petitioner seeks to challenge his release date for the sentence imposed by the Montgomery County Superior Court. (ECF No. 1 at 9.) Petitioner claims that the Montgomery County sentence was not properly run concurrently to an earlier sentence from Yolo County Superior Court. (Id.) Petitioner alleges that the Yolo County sentence ended on March 20, 2016. (Id.)

In 1994, petitioner was sentenced to twenty-five years to life after entering a nolo contendere plea to a first-degree murder charge in Yolo County Superior Court. See Hatchett v. Clark, No. 2:18-cv-1773 KJM DB P, 2019 WL 2387267, at *1 (E.D. Cal. 2019) (citing Hatchett v. Gonzalez, No. 2:16-cv-0412 KJM CMK P, 2018 WL 2939129, at *1 (E.D. Cal. June 12, 2018)). In 2000, while petitioner was still serving the Yolo County sentence, the Montgomery County Superior Court convicted petitioner of two counts of sodomy by force, three counts of forcible oral copulation, and one count of possession of a deadly weapon by a prisoner. Id. at *2 (citing People v. Hatchett, No. H024371, 2003 WL 21008765, at *1 (Cal. Ct. App. May 6, 2003)). As a result, petitioner was sentenced to a total term of fifty-five years to life. Id.

Petitioner claims that the 2000 Montgomery County sentence was ordered to run concurrent to the 1994 Yolo County sentence. Petitioner contends that because the sentence in his 2000 conviction was ordered to run concurrent to his previous sentence, he should have been released on both sentences on March 20, 2016—the date petitioner claims was the release date for the 1994 conviction. (ECF No. 1 at 8-9.) Petitioner claims that prison officials refused to release him on this date. (Id. at 9.) Petitioner alleges that this means his sentence in the 2000 Montgomery County conviction is now being run consecutive to his sentence in the 1994 Yolo County conviction even though they were supposed to run concurrently. (Id. at 9.)

## III. Petitioner's Claim is Non-Cognizable

### A. Sentencing Error

In both his 1994 and 2000 convictions, petitioner was given an indeterminate life sentence. Hatchett, 2019 WL 2387267, at *1-2. Petitioner claims that he should have been released on the March 20, 2016 "release date" for his 1994 sentence. (ECF No. 1 at 9.) As both

3

of petitioner's sentences were indeterminate sentences, petitioner would not have a "release date" for either sentence. Instead, petitioner would have a "minimum parole eligibility" date when he would be eligible for parole. See In re Dannenberg, 34 Cal. 4th 1061, 1070 (Cal. 2005). However, even if petitioner intended to claim he should have been eligible for parole not that he should have been released on March 20, 2016, petitioner cannot establish that he should have been eligible for parole on that date.

Taking as true petitioner's claim that his 2000 sentence was ordered to run concurrent to his 1994 sentence, petitioner is incorrect that this means the "release date's [sic] for both sentences were [March 20, 2016]." (Id.) Where two or more sentences do not start together but are ordered to be run concurrently, those sentences will run concurrently for the period in which they overlap. In re Roberts, 40 Cal. 2d 745, 749 (Cal. 1953) (California Supreme Court decision stating, "it would seem clear, however, that sentences may be concurrent, i.e., may run together, without either starting together or ending together. What is meant is that they run together during the time that the periods overlap."); See Graham v. Langford, No. CV 16-1729-CAS, 2017 WL 3167402 at *5 (discussing how overlapping federal and state sentences can be concurrent for the period in which they overlap). After the overlapping period ends, the inmate then serves the remaining portion of the second sentence. In re Roberts, 40 Cal. 2d at 749.

The Montgomery County Superior Court sentenced petitioner to fifty-five years to life in 2000 while petitioner had the portion of his 1994 sentence remaining. Hatchett, 2019 WL 2387267, at *2. Petitioner was not entitled to release on the newer and longer sentence simply because the previous 1994 sentence ended. After the period where the two sentences ran concurrent to each other ended, petitioner was still required to serve the remaining time on his second sentence. In re Roberts, 40 Cal. 2d at 749. That these sentences were concurrent simply meant that the petitioner could serve the overlapping portion of these two sentences at the same time. Id.

### B. Federal Habeas Relief is not Available for Errors of State Law

As alleged, petitioner's claim does not establish a violation of federal law. Petitioner's contention that he should have been released on March 20, 2016 appears to be based on

petitioner's disagreement with how concurrent sentences are imposed under state law.  As this is effectively a challenge to state law, this claim is not cognizable grounds for relief in a federal habeas corpus proceeding.  See, e.g., Lewis, 497 U.S. at 780 ("federal habeas corpus relief does not lie for errors of state law"); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993) (rejecting federal habeas claim that sentencing court erred when it failed to "merge" multiple convictions under state law because "[t]here is no federal Constitutional right to merger of convictions for purposes of sentencing," and Petitioner's claim was "exclusively concerned with state law and therefore [was] not cognizable in a federal habeas corpus proceeding" (bracketed material added)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with a deadly weapon was a serious felony under state enhancement statute was state law question not cognizable on federal habeas review).  Petitioner may not "transform a state-law issue" into a federal one merely by labeling it a constitutional violation.  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (as amended Apr. 14, 1997).

As petitioner has only alleged an error of state law, the court will recommend that the petition be dismissed.

**CONCLUSION**

Accordingly, it is ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is denied as moot; and

2. The Clerk of the Court is directed to randomly assign this action to a District Judge.

IT IS HEREBY RECOMMENDED that the petition be dismissed with prejudice for the reasons set forth above.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the

5

district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 27, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Habeas/S/hatc0428.scrn.fr